```
                                                              FILED
                                                         U. S. DISTRICT COURT
                                                       EASTERN DISTRICT ARKANSAS
   IN THE UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF ARKANSAS                         AUG 0 6 2020
             NORTHERN DIVISION
                                                       JAMES W. McCORMACK, CLERK
                                                       By:_____
                                                                        DEP CLERK
```

**CYDNEY BAXTER, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 3:20-cv-_223-LPR_

**INDEPENDENCE COUNTY, ARKANSAS**                                        **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Cydney Baxter ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Thomas Odom and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Independence County, Arkansas ("Defendant"), she hereby states and alleges as follows:

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Ray_

### I. PRELIMINARY STATEMENTS

1.  This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and all other similarly situated employees lawful overtime compensation for hours worked in excess of forty (40) per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.  JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against Plaintiff within the Northern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

7. Plaintiff is a citizen of the United States and a resident and domiciliary of Independence County.

8. Defendant is a geographic and political subdivision of the State of Arkansas.

9. Defendant operates the Sheriff's department wherein Plaintiff was employed within the three years preceding the filing of this lawsuit.

10. Defendant can be served through the Independence County Judge, who is Robert T. Griffin, at the Independence County Courthouse, 192 East Main Street, Batesville, Arkansas 72501.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. At all times relevant to the allegations in this Complaint, Plaintiff was a salaried employee at Defendant's job site at the Independence County Sheriff's Department in Batesville, Arkansas.

13. Plaintiff was employed by Defendant as a Matron from October of 2016 until August of 2018.

14. Plaintiff was employed by Defendant as a Deputy from August of 2018 until June of 2020.

15. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

16. At all times material herein, Plaintiff has been misclassified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

17. Defendant is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

18. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

19. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

20. Defendant employed four or more individuals in each week in each of the three years preceding the filing of this Complaint.

21. At all relevant times herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

22. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

23. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

24. Upon information and belief, Defendant has not made an election as a public agency under 29 U.S.C. § 203 to establish a "work period" of either 86 hours over 14 days or 171 hours over 28 days.

25. Defendant provides services to the public, including enforcement of national, state and local laws and policies.

26. At all relevant times herein, Defendant directly hired Plaintiff to work at its job site, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

27. Defendant classified Plaintiff as exempt from the FLSA and did not pay her an overtime premium for all hours worked over forty (40) each week.

28. As both a Matron and a Deputy, Plaintiff was paid the same amount each week, and was told that overtime was to be paid out through compensation time rather than an overtime premium.

29. As a Matron, Plaintiff was primarily responsible for providing care for inmates in the Independence County Detention Center, including doing in-mate checks, passing out meals and prescribed medication, overseeing recreational calls and cleaning crews.

30. As a Deputy, Plaintiff was primarily responsible for responding to calls and making traffic stops.

31. As both a Matron and a Deputy, Plaintiff regularly worked more than forty (40) hours in a workweek.

32. As a Matron, Plaintiff received compensatory time (rather than overtime wages) from Defendant, which was sometimes improperly paid out at a 1:1 ratio.

33. Other Matrons also received compensatory time rather than overtime payments, and, upon information and belief, also received some or all of their compensatory time at a 1:1 ratio.

34. As a Deputy, Plaintiff was supposed to receive compensatory time from Defendant, but it was never paid out.

35. Other Deputies were also supposed to receive compensatory time in lieu of overtime, but they failed to receive some or all of their compensatory time at the appropriate ratio.

36. As both a Matron and a Deputy, Plaintiff was required to work off-the-clock hours which were not recorded on her timesheets. As a Matron, off-the-clock work included mandatory meetings; as a Deputy, off-the-clock work included serving warrants, performing compliance checks on registered sex offenders, and working at jailer school.

37. As both a Matron and a Deputy, Plaintiff estimates she worked between ten (10) and twelve (12) hours per month which were not compensated.

38. Plaintiff was told by Defendant not to include all hours she worked when filling out her timesheets.

39. Plaintiff's supervisors sometimes reduced the hours on Plaintiff's timecards before allowing Plaintiff to submit them.

40. Plaintiff did not hire or fire any other employee, nor did she make any recommendations for hiring and firing.

41. Other Matrons also did not hire or fire any other employee, nor did they make any recommendations for hiring or firing.

42. Other Deputies also did not hire or fire any other employee, nor did they make any recommendations for hiring or firing.

43. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

44. Other Matrons did not exercise discretion or independent judgment with respect to matters of significance.

45. Other Deputies did not exercise discretion or independent judgment with respect to matters of significance.

46. As both a Matron and a Deputy, Plaintiff was misclassified by Defendant as exempt under the FLSA, and was not paid an hourly rate of one and one-half times her regular rate of pay for every hour worked over forty (40) per week.

47. Other Matrons were also misclassified by Defendant as exempt under the FLSA, and were not paid an hourly rate of one and one-half times their regular rate of pay for every hour worked over forty (40) per week.

48. Other Deputies were also misclassified by Defendant as exempt under the FLSA, and were not paid an hourly rate of one and one-half times their regular rate of pay for every hour worked over forty (40) per week

## V.   REPRESENTATIVE ACTION ALLEGATIONS

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

50. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

### A.   Matrons

51. Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated Matrons at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including proper overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C.   Costs of this action, including attorney's fees.

50.   The proposed class of opt-in plaintiffs in this case is preliminarily defined as follows:

**All Matrons who worked more than forty (40) hours in any week within the past three years.**

51.   The proposed FLSA collective members are similarly situated in that they share these traits:

A.   They performed the same or similar job duties;

B.   They were paid a salary;

C.   They were subject to Defendant's common policy of misclassifying them as exempt from the overtime requirements of the FLSA; and

D.   They were subject to Defendant's common practice of not paying workers a lawful overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per workweek.

52.   In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file a written Consent to Join this lawsuit.

53.   At all relevant times, Defendant directly hired members of the putative class to work as Matrons; paid them wages; controlled their work schedules, duties, protocols, applications, assignments and employment conditions; and kept at least some records regarding their employment.

54.   At all relevant times, each member of the putative class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

55.     Plaintiff is unable to state the exact number of the class, but believes the number to be more than fifteen (15) individuals. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

### B.     Deputies

56.     Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated Deputies at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including proper overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Costs of this action, including attorney's fees.

57.     The proposed class of opt-in plaintiffs in this case is preliminarily defined as follows:

> **All Deputies who worked more than forty (40) hours in any week within the past three years**.

58.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They performed the same or similar job duties;

B.     They were paid a salary;

C.     They were subject to Defendant's common policy of misclassifying them as exempt from the overtime requirements of the FLSA; and

    D.    They were subject to Defendant's common practice of not paying workers a lawful overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per workweek.

59.    In conformity with the requirements of the FLSA Section 16(b), Plaintiff has filed or will file a written Consent to Join this lawsuit.

60.    At all relevant times, Defendant directly hired members of the putative class to work as Deputies; paid them wages; controlled their work schedules, duties, protocols, applications, assignments and employment conditions; and kept at least some records regarding their employment.

61.    At all relevant times, each member of the putative classes regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

62.    Plaintiff is unable to state the exact number of the class, but believes the number to be more than fifteen (15) individuals. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

### C.    Both Collectives

63.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

64.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable

FLSA collective action plaintiffs via email to their last known email address as soon as possible.

65. Defendant's actions in denying overtime wages to Plaintiff and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

66. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

69. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

70. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

71. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA as both a Matron and a Deputy.

72. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime premium for all hours worked over forty (40) in each one-week period.

73. Defendant failed to pay Plaintiff for all hours worked.

74. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

77. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

78. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

79. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

80. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week,

unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

81. At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA as both a Matron and a Deputy.

82. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

83. Defendant failed to pay Plaintiff for all hours worked.

84. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII. THIRD CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA—Matrons)

86. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

87. Plaintiff, on behalf of all similarly situated Matrons, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

88. At all relevant times, Plaintiff and all similarly situated Matrons have been entitled to the rights, protection, and benefits provided by the FLSA.

89. At all relevant times, Plaintiff and all similarly situated Matrons have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

90. At all relevant times, Defendant was an "employer" of Plaintiff and all similarly situated Matrons, as defined by 29 U.S.C. § 203(d).

91. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

92. Defendant misclassified Plaintiff and all similarly situated Matrons as exempt from the overtime requirements of the FLSA.

93. At all relevant times, Defendant willfully failed and refused to pay an overtime premium to Plaintiff and other similarly situated Matrons for all hours worked over forty (40) per week.

94. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all other similarly situated Matrons for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### IX. FOURTH CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA—Deputies)

95. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

96. Plaintiff, on behalf of all similarly situated Deputies, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

97. At all relevant times, Plaintiff and all similarly situated Deputies have been entitled to the rights, protection, and benefits provided by the FLSA.

98. At all relevant times, Plaintiff and all similarly situated Deputies have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

99. At all relevant times, Defendant was an "employer" of Plaintiff and all similarly situated employees, as defined by 29 U.S.C. § 203(d).

100. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

101. Defendant misclassified Plaintiff and all similarly situated Deputies as exempt from the overtime requirements of the FLSA.

102. At all relevant times, Defendant willfully failed and refused to pay a proper overtime premium to Plaintiff and other similarly situated Deputies for all hours worked over forty (40) per week.

103. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all other similarly situated Deputies for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## XII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cydney Baxter, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B.     That Defendant be required to account to Plaintiff, the collective action members, and the Court for all the hours worked by them and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and the attendant regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA and the attendant regulations;

F.     Judgment for liquidated damages pursuant to the FLSA, the AMWA and the attendant regulations, in an amount equal to all unpaid overtime compensation;

G.     For a reasonable attorney's fee, costs and pre-judgment interest; and

H.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CYDNEY BAXTER,
Individually and On Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Thomas Odom
Thomas Odom
Ark. Bar No. 2017132
thomas@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CYDNEY BAXTER, Individually and on**                                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                  No. 3:20-cv-____

**INDEPENDENCE COUNTY, ARKANSAS**                                               **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a **Matron** for Independence County, Arkansas, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**CYDNEY BAXTER**
August 6, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CYDNEY BAXTER, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                No. 3:20-cv-____

**INDEPENDENCE COUNTY, ARKANSAS**     **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a **Deputy** for Independence County, Arkansas, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**CYDNEY BAXTER**
August 6, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**